MONLLOR & BOSCIO, SUCRS., S. EN C., demandante y apelada, *v.* MANUEL V. DOMENECH, sustituído por R. SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

No. 7227.—*Sometido:* Febrero 3, 1936. *Resuelto:* Febrero 14, 1936.

*Hon. Procurador General B. Fernández García* y *Angel C. Calderón,* *Subprocurador,* abogados del apelante; *Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de un pleito de *injunction* iniciado por la mercantil Monllor & Boscio, Sucrs., S. en C. contra el Tesorero de Puerto Rico, en el que se dictó sentencia sobre las alegaciones declarando la demanda con lugar. Apeló el Tesorero demandado y la parte apelada solicita la desestimación del recurso entre otros motivos por ser frívolo.

De los autos resulta que la demandante se dedica a rectificar y fabricar bebidas alcohólicas para el consumo humano, en su domicilio de Ponce; que obtuvo licencia de rectificador de acuerdo con la Ley de Bebidas de Puerto Rico; que envasa sus productos en botellas de cristal u otros receptáculos análogos que importa vacíos a la Isla o compra en ella también vacíos, pasando los envases con el producto directamente al consumidor; y que allá por el 24 de mayo de 1935 el Tesorero de Puerto Rico por medio de sus agentes se constituyó en la licorería de la demandante y embargó bienes para hacer efectivo el pago de $3,134.38 por concepto de impuesto sobre envases alegando la demandante que no existe ley en Puerto Rico que autorice el impuesto y sosteniendo el Tesorero que sí.

La Ley núm. 1 de 1934 (pág. 137) para proveer rentas para El Pueblo de Puerto Rico mediante ciertos impuestos sobre bebidas, por su sección 4 dispone que:

"Sobre todo envase introducido o manufacturado en Puerto Rico que contuviere bebidas alcohólicas y productos similares conocidos bajo cualquier nombre, y espíritus y alcohol, siempre y cuando que el contenido de los mismos esté sujeto a un impuesto prescrito por esta Ley, se pagará la siguiente contribución: (a) por cada envase cuya capacidad no exceda de ocho (8) onzas líquidas, medio centavo (½¢) por envase; . . .

Igual disposición contiene la sección 4 de la Ley de Bebidas, núm. 1 de 1935, aprobada en junio 29, 1935 (Leyes de 1935 (2) pág. 3).

De acuerdo con esas leyes, el Tesorero impuso y trató de cobrar mediante embargo el impuesto que autorizan sobre los envases de la demandante. ¿Pudo hacerlo? Si lo dispuesto por ellas estuviera en vigor, la cuestión sería dudosa, pero el 30 de julio de 1935 el propio legislador decretó por el segundo disponiéndose de la sección 69 de la Ley núm. 38 de ese año (pág. 485) lo que sigue:

" . . . Y disponiéndose, además, que en lo que se refiere a la sección 4 de la Ley No. 1 de 12 de marzo de 1934 y por la Ley No. 1 de 29 de junio de 1935, por la presente se determina que el Tesorero de Puerto Rico se abstendrá de cobrar cualquier impuesto o impuestos que conforme a lo que provee dicha Sección estuvieren pendientes de imposición y cobro."

Y este último precepto legal que no estaba vigente a la fecha en que se impuso la contribución o se practicó el embargo o se inició el pleito, pero que sí lo estaba a la fecha en que se dictó la sentencia, fué el aplicado por la corte de distrito para decidir el caso en la forma en que lo hizo.

No sostiene el Tesorero que la Ley núm. 38 de 1935 no sea aplicable, sino que lo es solamente a los impuestos que estuvieren pendientes de "imposición y cobro", no siéndolo por tanto al de que aquí se trata porque si bien estaba pendiente de cobro no lo estaba de imposición.

Todo se reduce, pues, a la fiel interpretación de la voluntad legislativa, ya que se ha resuelto que: "En la interpretación de estatutos, es el deber de la corte determinar la

clara intención de la legislatura. Para poder hacer esto, las cortes se ven con frecuencia precisadas a interpretar la palabra 'o' como que significa 'y' y la palabra 'y' en el sentido de 'o'." *United States* v. *Fisk,* 70 U. S. 445, 447.

¿Y cómo si la clara determinación de la Legislatura fué la de suprimir el impuesto, iba a limitarse a los casos que estuvieran pendientes de imposición, sin comprender aquéllos que estuvieren sólo pendientes de cobro? Si la intención de la Legislatura hubiera sido la que pretende el Tesorero, no se encontraría seguramente en la ley la palabra "cobro". El Legislador se hubiera limitado a emplear la palabra "imposición". Al usar las dos, reveló que abarcaba en su mandato tanto los casos pendientes de imposición como los pendientes de cobro.

Es más, creemos que tal como está redactada la ley, sin necesidad de sustituir la conjunción copulativa "y" por la disyuntiva "o", la interpretación que le diera la corte de distrito es correcta. Imposición y cobro son actos distintos. Un impuesto pendiente de imposición lo está de cobro, pero un impuesto pendiente de cobro no lo está necesariamente de imposición. En su consecuencia puede concluirse que lo que gramaticalmente quiere decir el estatuto es que el Tesorero se abstendrá de cobrar los impuestos a que se refiere la sección 4 de las Leyes núm. 1 de 1934 y núm. 1 de 1935, que estén pendientes de imposición y que estén pendientes de cobro.

*El recurso es frívolo y debe en tal virtud desestimarse.*