ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII ESPECIAL

| | | |
|---|---|---|
| YAMILKA ORTIZ HERNÁNDEZ<br><br>Recurrida<br><br>v.<br><br>MUNICIPIO DE CAROLINA<br><br>Recurrente | KLRA202300224 | *Revisión Administrativa* procedente de la Comisión Apelativa del Servicio Público<br><br>NÚMERO: 2013-12-0315<br><br>Sobre: Retribución |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

Comparece ante este Tribunal el Municipio Autónomo de Carolina (Municipio; recurrente) mediante el recurso de revisión judicial para que examinemos la *Resolución* emitida el 24 de enero de 2023 por la Comisión Apelativa del Servicio Público (CASP; foro administrativo). La CASP declaró *ha lugar* la apelación de Yamilka Ortiz Hernández (recurrida) y ordenó al Municipio el pago a la recurrida de un "aumento salarial equivalente a un tipo o paso, efectivo al 1 de julio de 2013.[1]

Por los fundamentos a continuación se declara *ha lugar* el recurso de revisión administrativa y se revoca la resolución recurrida, por consiguiente, la *Apelación* presentada ante la CASP queda desestimada por falta de jurisdicción.

**I**

El 18 de diciembre de 2013, la recurrida presentó ante la CASP un escrito de *Apelación* mediante el cual reclamó un aumento de salario equivalente a un paso en la escala salarial por el transcurso de cinco (5) años

---

[1] Apéndice del recurso (Apéndice), págs. 623-624.

Número Identificador
SEN2023_____

sin haber recibido incremento alguno. Esta fundamentó su reclamo en el Reglamento de la Policía Municipal de Carolina, del 31 de julio de 2000, Artículo 12, inciso 8, párrafo cinco, el cual disponía que "[l]os policías municipales que no hayan recibido ningún aumento en su retribución durante cinco (5) años consecutivos de servicios, se les concederá aumento por el equivalente de un (1) paso, aún cuando el sueldo sobrepase el tipo máximo de la escala".

Por su parte, el Municipio presentó su alegación responsiva, mediante la cual sostuvo que no se le concedió dicho aumento salarial debido a que no tenía capacidad económica para concederlo. Durante el trámite procesal ante la agencia, las partes estipularon que la recurrida no había recibido ningún aumento desde hace más de cinco años. Además, la agencia celebró vista pública en la cual las partes presentaron sus testigos, por parte de la recurrida declaró la propia Sra. Ortiz Hernández, y por la recurrente el gerente de administración del Municipio, el Sr. Manuel Mangual Rodríguez.

Tras múltiples instancias procesales, la oficial examinadora asignada a este caso emitió su informe en el cual recomendó que, tras la aplicación de la doctrina cuestión política, la CASP no contaba con jurisdicción para atender dicha apelación. En la alternativa, de considerarse que la agencia tenía jurisdicción, se debía declarar no ha lugar puesto que el Municipio no tenía capacidad financiera para otorgar el aumento.

La CASP evaluó el informe de la oficial examinadora y no acogió sus recomendaciones. Específicamente sostuvo que, al momento de la presentación del recurso, la recurrida no había recibido ningún aumento y que el Municipio le había denegado dicho incremento conforme al reglamento posterior del 9 de diciembre de 2016, Artículo 12 del Reglamento de la Policía Municipal, aprobado mediante la Ordenanza Núm. 20, Serie 2016-17-20. En cuanto a la jurisdicción de la CASP, la agencia sostuvo que eran el organismo especializado en asuntos obrero-patronales y del principio de mérito, por lo que su jurisdicción era de amplia cobertura. Señaló que una apelación ante la CASP debía ser presentada dentro del término

jurisdiccional de treinta (30) días a partir de la fecha de notificación de la acción o decisión objeto de la apelación. Además, el foro administrativo reconoció en la resolución recurrida lo siguiente: "[e]n este caso, la parte apelante reclamó un aumento salarial correspondiente al 01 de julio de 2023 y compareció ante nos el 20 de diciembre de 2013" y; "[n]o surge del expediente, que la parte apelante reclamara el referido pago a la autoridad nominadora sin recibir respuesta; por lo que, no se activa el inciso b del [artículo 1, sección 1.2(a) del Reglamento Procesal Núm. 7313, aprobado el 7 de marzo de 2007 y vigente mediante la Orden Administrativa Núm. OA-CASP-02-2010, aprobada el 24 de noviembre de 2010]."[2] Por otro lado, conforme a la doctrina de incuria, concluyó que la dilación de cinco (5) meses no era excesiva, razón por la cual tenían jurisdicción.[3]

Respecto al aumento de salario, la CASP sostuvo que solo debían transcurrir cinco (5) años sin recibir incremento alguno y que el empleado hubiera rendido servicios satisfactorios. Por tanto, la agencia determinó que el aumento solicitado no dependía de la capacidad financiera del Municipio.[4] Así, la CASP declaró ha lugar la apelación y ordenó a la recurrente al pago del aumento salarial equivalente a un tipo o paso.

Inconforme, tras la presentación de una moción de reconsideración declarada no ha lugar, el Municipio presentó ante este Tribunal el recurso de revisión ante nuestra consideración. Mediante este recurso señaló que la CASP cometió los siguientes errores:

> Primer Error: Erró CASP, al no acoger el Informe de la Oficial Examinadora, quien atendió la vista en sus méritos, emitió determinaciones de hechos, evaluó el derecho aplicable y aplicó de forma correcta el mismo, recomendando el archivo de la Apelación.

> Segundo Error: Erró CASP al determinar que a dicha agencia no le aplica la doctrina de justiciabilidad.

> Tercer Error: Erró CASP, al establecer que la controversia de autos, no le aplica la Ley de Municipios Autónomos, aplicando el Reglamento de la Policía Municipal de Carolina de 2000 en total abstracción de la existencia de dicha ley.

---

[2] Apéndice, págs. 617-618, y nota al calce núm. 17 en la página 617 en cuanto a la aprobación y vigencia del citado artículo.
[3] Apéndice, pág. 618.
[4] Apéndice, págs. 623-624.

Cuarto Error: Erró CASP, al no declarar sin lugar el reclamo de la apelante, basado en la incapacidad financiera y fiscal de la parte apelada.

Quinto Error: Erró CASP, al declarar con lugar la Apelación sin que la recurrida probara su caso.
Sexto Error: Erró CASP, al no determinar falta de jurisdicción por radicación de la Apelación fuera del término requerido para ello.

La recurrida presentó su oposición a los errores señalados. Referente al asunto de jurisdicción de la agencia, sostuvo que no advino en conocimiento de la decisión de la recurrente debido a que esta no efectuó notificación alguna. Razonó que sin la notificación de la decisión del Municipio no podría acudir ante la CASP y ello constituiría una violación a su debido proceso de ley. Por consiguiente, argumentó que el término de treinta (30) días nunca comenzó a decursar. Asimismo, sostuvo que su reclamo constituye un daño continuo puesto que se renueva constantemente.

II

La jurisdicción es el poder o autoridad para considerar y decidir casos. *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Los tribunales deben ser celosos guardianes de su jurisdicción. *Souffront v. A.A.A.,* 164 D.P.R. 663, 674 (2005). Por tanto, es un deber indelegable que los tribunales verifiquen su propia jurisdicción para atender los recursos presentados ante sí, ya que no pueden atribuirse la jurisdicción si no la tienen, ni las partes pueden otorgársela. *Vázquez v. A.R.P.E.,* 128 DPR 513, 537 (1991). Un tribunal que no tiene jurisdicción para atender un recurso sólo tiene autoridad para así declararlo y desestimar el caso. *Lozada Sánchez v. JCA*, 184 DPR 898, 909 (2012). La ausencia de jurisdicción es insubsanable. *Vázquez v. A.R.P.E., supra*, pág. 537. Constituye una acción ilegitima que un foro judicial adjudique un recurso sobre el cual carece de jurisdicción para atender el mismo. *Empress Hotel, Inc. v. Acosta,* 150 DPR 208, 212 (2000). Mas allá, los tribunales tienen el ineludible deber de examinar prioritariamente su propia jurisdicción. *Pueblo v. Miranda Colón,* 115 DPR 511, 513 (1984).

La Comisión Apelativa del Servicio Público (CASP) es el foro administrativo cuasi-judicial, especializado en asuntos obrero-patronales y del principio de mérito, en el que se atienden casos laborales, de administración de recursos humanos de querellas para empleados públicos. *Plan de Reorganización de la Comisión Apelativa del Servicio Público*, Plan de Reorganización Núm. 2-2010, 3 LPRA Ap. XIII, Artículo 4. La Asamblea Legislativa delimitó la jurisdicción de este foro administrativo, mediante un esquema dual de jurisdicción primaria de la comisión y jurisdicción apelativa.

Respecto a la jurisdicción o autoridad que ostenta la CASP, el Artículo 11 del *Plan de Reorganización*, especificó lo siguiente:

La Comisión tendrá jurisdicción primaria sobre:

a) las reclamaciones surgidas como consecuencia de acciones o decisiones del patrono en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada;

b) las reclamaciones surgidas como consecuencia de acciones o decisiones de las organizaciones laborales, sindicales u obreras y de los representantes exclusivos en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada;

c) las reclamaciones surgidas como consecuencia de acciones o decisiones de las organizaciones laborales, sindicales u obreras y de los representantes exclusivos en violación a las disposiciones de la Ley Núm. 333 de 2004, según enmendada.

Ningún caso podrá ser radicado luego de transcurridos seis (6) meses de los hechos que dan base al mismo, excepto que la parte contra quien se haya radicado, intencionalmente haya ocultado los hechos que dan base al mismo o que durante el período de seis (6) meses luego de los hechos, la parte promovente haya estado legalmente incapacitada para radicarlo, o que no tuvo conocimiento de los hechos durante ese período. En estos casos, la Comisión determinará si la dilación en radicar el mismo es razonable conforme a los principios generales de incuria.
3 LPRA Ap. XIII, Artículo 10.

Por otro lado, relacionado a su facultad revisora, el Artículo 12 del *Plan de Reorganización* dispone como sigue:

La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación:

a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 107- 2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;

c) cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone la Ley Núm. 110 de 26 de junio de 1958, según enmendada, conocida como "Ley de Empleados Irregulares";

d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, en las áreas esenciales al principio de mérito;

e) la Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada;

f) la Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento;

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos. 3 LPRA Ap. XIII, Artículo 12.

La parte adversamente afectada e interesada a iniciar una querella o apelación, debe presentar su escrito ante la CASP "dentro del término

jurisdiccional de treinta (30) días, contados a partir de la fecha en que se le notifica la acción o decisión, objeto de apelación, en caso de habérsele notificado por correo, personalmente, facsímile o correo electrónico, o desde que advino en conocimiento de la acción o decisión por otros medios". 3 LPRA Ap. XIII, Artículo 14. Observando este mandato de ley, la CASP adoptó el *Reglamento Procesal*, Reglamento Núm. 7313, 7 de marzo de 2007, que provee lo siguiente:

   a) La solicitud de apelación se radicará en la Secretaría de la Comisión dentro del término jurisdiccional de treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios.

   b) De no existir una determinación final escrita, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito a la Autoridad Nominadora, y no reciba respuesta alguna en los siguientes sesenta (60) días desde que cursó la misiva, la parte afectada tendrá un plazo jurisdiccional de treinta (30) días, contados a partir del vencimiento del término de sesenta (60) días, para presentar una solicitud de apelación ante la Comisión. *Id.* Sec. 1.2.

La doctrina de incuria consiste en la "dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad." *Molini Gronau v. Corp. PR Dif. Pub.*, 179 DPR 674, 687 (2010). La equidad pretende auxiliar a quien se mantiene vigilante en el reclamo de sus derechos y no a quien se duerme sobre la corriente sin mostrar excusas razonables para ello. *Consejo de Titulares v. Ramos Vázquez*, 186 DPR 311, 341 (2012). El castigo a quien se cruza de brazos en la consecución de su reclamo pretende proteger a la parte contraria, cuando el reclamante tuvo oportunidad amplia para reclamar sus derechos. *Id.*

La aplicación de esta doctrina requiere de un análisis sosegado de los hechos y circunstancias particulares de cada caso. *Pérez, Pellot v. J.A.S.A.P.*, 139 DPR 588, 599-600 (1995). Por consiguiente, debe considerarse si existe alguna justificación para la demora, el perjuicio que ocasionó el atraso y el efecto causado sobre los intereses públicos y privados

envueltos. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1019-1020 (2008). Sin embargo, "la incuria aplica cuando no existe un término reglamentario o en ley para realizar determinada acción, pero también se ha aplicado cuando existe un término que no se notificó debidamente", y [d]e esa forma, ante la ausencia de un término reglamentario, se ha aplicado el criterio de 'termino razonable'." *Consejo de Titulares v. Ramos Vázquez*, supra, (que cita a *Pueblo v. Valentín*, 135 DPR 245 (1994) y a *Buena Vista Dairy, Inc. v. J.R.T.*, 94 DPR 624 (1967)).

**III**

Como cuestión de umbral, por tratarse de la jurisdicción de este Tribunal para atender el recurso de revisión ante nuestra consideración, nos corresponde examinar el señalamiento de error número seis (6). La parte recurrente sostuvo que la apelación presentada ante la CASP fue radicada fuera del término requerido para ello. Su contención es que el foro administrativo debía observar estrictamente el término jurisdiccional que prescribía su autoridad. Según su apreciación, el foro no tomó en consideración que la recurrida tenía treinta (30) días para acudir a la CASP desde que advino en conocimiento de la acción o decisión por otros medios.

Según previamente esbozado, la jurisdicción de la CASP opera en dos vertientes: jurisdicción primaria y jurisdicción apelativa. La primera, en esencia, se activa en reclamaciones sobre violaciones a la Ley Núm. 45-1998, relacionadas a acciones o decisiones de organizaciones laborales, sindicales u obreras. La segunda, consiste en la revisión o apelación de las acciones o decisiones de, entre otros, los municipios. La CASP tiene jurisdicción cuando un empleado no cubierto por la Ley Núm. 45-1998, alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley Núm. 8-2017 y la Ley Núm. 107-2020, *Código Municipal*, los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores de los Recursos Humanos, de conformidad al principio de mérito. 3 LPRA Ap. XIII, Artículo 12(a).

Dicha jurisdicción apelativa, por definición, requiere la existencia de una parte adversamente afectada por una acción o decisión de la Autoridad Nominadora. 3 LPRA Ap. XIII, Artículo 13. A partir de esta determinación es que comienza a transcurrir el término jurisdiccional de treinta (30) días en el que la CASP tiene autoridad para revisar. Por consiguiente, quien interese la intervención de este foro administrativo debe procurar activar su jurisdicción apelativa conforme lo establece el estatuto habilitador de esta agencia. Entiéndase que, ante la ausencia de jurisdicción primaria por parte de la CASP, debe haber una determinación adversa por parte de la autoridad nominadora.

En el caso ante nuestra consideración, la recurrida exigió un aumento de salario por el transcurso de cinco (5) años sin incremento alguno desde el 1 julio de 2008 hasta el 1 de julio de 2013. Por consiguiente, presentó su reclamo directamente ante la CASP el 18 de diciembre de 2013. Así las cosas, la agencia atendió la apelación presentada ante esta y dictó la resolución objeto de revisión en el caso de autos.

Examinado el recurso ante nuestra consideración, así como el expediente en su totalidad, concluimos que la CASP carecía de jurisdicción para atender la apelación de la parte recurrida. Particularmente, la autoridad apelativa de este foro administrativo no fue activada conforme a la ley habilitadora. La jurisdicción primaria u original de la CASP se circunscribe a determinados casos, entre los cuales no se encuentra el reclamo de la recurrida.

El expediente ante nuestra consideración no refleja que hubiera un reclamo directo a la Autoridad Nominadora ni una determinación oficial del Municipio denegándole el aumento solicitado a la recurrida. Enfatizamos que no es necesario que hubiera una resolución del Municipio puesto que el Reglamento Procesal Núm. 7313 contempla situaciones en las que se hace el reclamo por escrito a la Autoridad Nominadora y no se recibe respuesta. En estos casos el reclamante tiene sesenta (60) días desde que cursó su reclamo por escrito para recibir respuesta. Al transcurrir dicho término,

comienza un plazo jurisdiccional de treinta (30) días para acudir ante la CASP. Sin embargo, según refleja el expediente, la aquí recurrida no presentó su reclamo al Municipio, sino que acudió directamente ante la CASP.[5] Además, tampoco surge que la recurrida adviniera en conocimiento de la denegatoria por otros medios.

Si bien la agencia es el foro correcto para presentar este tipo de reclamos, su jurisdicción es en la etapa apelativa. Según discutido, la falta de jurisdicción es insubsanable; los tribunales, las agencias y las partes no pueden otorgar esta autoridad cuando no existe. Además, la CASP erró al determinar que tenían jurisdicción conforme a la doctrina de incuria. Particularmente el foro administrativo razonó que le parecía razonable que la recurrida presentara su reclamo a cinco (5) meses desde el 1 de julio de 2013. Según previamente discutido, la incuria aplica a situaciones en las que no hay términos reglamentarios aplicables. Conforme lo antes analizado, ese no es el escenario en el caso ante nuestra consideración.

**IV**

Por los fundamentos antes expuestos, debido a que la CASP actuó sin autoridad para atender la apelación de la recurrida, procede la revocación de la *Resolución* recurrida.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Candelaria Rosa emite voto concurrente por escrito.

---

[5] La propia parte recurrida reconoció que presentó su reclamo por primera vez ante la CASP. Durante la vista pública del 4 de marzo de 2020, a preguntas de la Lcda. Vivian González Méndez, esta declaró:

> P Okey. Solamente para aclarar, porque como hay otros casos, estoy un poco confundida.
> ¿En este caso la única reclamación que se ha hecho *per sé* es la apelación o usted ha radicado alguna otra reclamación ante el Municipio?
> R La primera
> P ¿Sería la apelación?
> R Sí.
> P ¿La primera vez y la única?
> R. Sí.

*Transcripción de Vista Administrativa*, en la pág. 19.

La Juez Brignoni Mártir emite voto disidente con la siguiente expresión:

Hace casi 10 años, en diciembre de **2013,** la señora Ortiz Hernández presentó ante la Comisión Apelativa de Servicio Público (CASP) un recurso de apelación en el cual reclamó el aumento salarial automático establecido en virtud de lo dispuesto en el Artículo 12 del Reglamento de la Policía Municipal de Carolina del 2000, del cual alegó era acreedora. Según expuso en su recurso ante la CASP, dicho aumento debió haber sido efectivo al 1 de julio de 2013, transcurridos 5 años desde su último aumento salarial.

Oportunamente, el Municipio de Carolina presentó su Oposición a la Apelación instada ante la CASP, alegando entre otras defensas que dicho aumento estaba condicionado su la capacidad económica para concederlo. Durante el transcurso de varios años, el caso siguió su trámite procesal, incluyendo la celebración de una vista administrativa. **No fue hasta el 24 de enero de 2023** que la CASP finalmente emitió la Resolución recurrida, en la cual no acogió el informe de la oficial examinadora y ordenó el pago de un aumento salarial equivalente a un paso por mérito.

La mayoría de este Panel, ha determinado revocar la resolución recurrida basándose en que la CASP emitió su dictamen sin jurisdicción debido a que la señora Ortiz Hernández no hizo un reclamo directamente a la Autoridad Nominadora. No puedo concurrir con dicha interpretación.

El artículo 14 del Plan de Reorganización de la Comisión Apelativa del Servicio Público establece que una parte adversamente afectada debe presentar su apelación "dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha en que se le notifica la acción o decisión, objeto de apelación, en caso de habérsele notificado por correo, personalmente, facsímile o correo electrónico, **o desde que advino en conocimiento de la acción o decisión por otros medios".** Así mismo, el *Reglamento Procesal*, Reglamento Núm. 7313, de la CASP del 2007 provee lo siguiente:

a) La solicitud de apelación se radicará en la Secretaría de la Comisión dentro del término jurisdiccional de treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de apelación **en caso de**

**habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios.**

b) **De no existir una determinación final escrita, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito a la Autoridad Nominadora,** y no reciba respuesta alguna en los siguientes sesenta (60) días desde que cursó la misiva, la parte afectada tendrá un plazo jurisdiccional de treinta (30) días, contados a partir del vencimiento del término de sesenta (60) días, para presentar una solicitud de apelación ante la Comisión.

De la anterior lectura se desprende claramente que el término para recurrir ante la CASP **no requiere necesariamente que la parte haya hecho un reclamo a la Autoridad Nominadora**. Por tanto, muy respetuosamente disiento de la interpretación hecha por la mayoría de este Panel y en su lugar hubiera confirmado el muy bien fundamentado dictamen recurrido, por ser lo correcto en derecho y en justicia.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones