TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos el Administrador de la Corporación del Fondo del Seguro del Estado (la CFSE o la recurrente), mediante el recurso de epígrafe. Nos solicita que revoquemos la resolución emitida por la Comisión Industrial de Puerto Rico (la Comisión Industrial) el 12 de febrero de 2009 y notificada el 14 de mayo de 2009. Por medio de esta última, la Comisión Industrial determinó que el recurso apelativo de la señora María E. Ortiz González (Sra. Ortiz González o la recurrida) el 7 de febrero de 2003 fue presentado dentro del término dispuesto por la Ley Núm. 45 de 18 de abril de 1935, Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 1 et seq. En consecuencia, ordenó a la Secretaria de la Comisión Indusrial dar curso al proceso apelativo y señalar una vista pública para dilucidar si hubo tardanza por parte de la recurrida en la presentación del caso para atender su condición de laringitis.
Antes de discutir las razones en las cuales fundamentamos nuestra determinación, hacemos un recuento *1127 procesal del caso de epígrafe.
I
El 29 de enero de 2001, la Sra. Ortiz González se reportó a la CFSE tras haber comenzado a sufrir pérdida de voz y dificultad para hablar mientras trabajaba como maestra en la Escuela Basilio Milán Hernández adscrita al Departamento de Educación. El diagnóstico de la CFSE fue laringitis relacionada con el trabajo.
El Administrador de la CFSE emitió la decisión sobre relación causal de compensabilidad sobre condición orgánica relacionada el 21 de febrero de 2002. Concluyó que la recurrida sufrió una enfermedad ocupacional que se agravó por la tardanza de ésta en presentar el caso. A pesar de que la Secretaria Auxiliar de la CFSE certificó que la decisión fue notificada el 4 de marzo de 2002, la Sra. Ortiz González alegó que no recibió la misma y que tuvo que solicitar una certificación de la notificación el 7 de enero de 2003.
El 7 de febrero de 2003, la recurrida presentó su apelación ante la Comisión por conducto de su representación legal y el 17 de marzo de 2003 se celebró la vista pública para atender el caso. No obstante, la Sra. Ortiz González tuvo que comparecer sin representación legal porque su abogado falleció. La recurrida solicitó ante la Comisión que se le concediera tiempo adicional para conseguir nueva representación legal. Mediante resolución de 15 de julio de 2003 y notificada el 14 de agosto de 2003, la Comisión le concedió 20 días para que anunciara su nueva representación legal y ordenó a la Secretaria que una vez transcurrido ese término pautara una vista pública.
Luego de haber celebrado una primera vista el 27 de abril de 2006, la Oficial Examinadora ordenó transferir la vista y citar a la recurrida y a la señora María M. López Soto (Sra. López Soto), Jefe de la Secretaría Auxiliar de la Región de Bayamón del CFSE, para aclarar el asunto de la notificación de la decisión sobre compensabilidad. Aunque fue debidamente citada, la Sra. López Soto no compareció a la vista celebrada el 20 de octubre de 2006. La Oficial examinadora escuchó el testimonio de la recurrida. Esta declaró que la dirección que consta en el récord del CFSE es correcta, que no recibió la notificación de marzo de 2002, que ella continuó yendo a sus citas médicas en la CFSE y que aproximadamente en octubre o noviembre de 2002 fue a una cita médica y en esa ocasión le dijeron que su caso estaba cerrado.
Por su parte, la CFSE presentó una certificación de que la decisión enviada en marzo de 2002 no había sido devuelta por el servicio postal e insistió en que la recurrida fue debidamente notificada, que la recurrida no presentó prueba de que no hubiere sido notificada y que se debían aplicar las Reglas de Evidencia en cuanto a que la carta fue enviada.
La recurrida expresó que tenía derecho a contrainterrogar a la persona que hizo la notificación y la manera en que ésta fue enviada por correo y que esa persona a pesar de haber sido citada no compareció; por tanto, la certificación de que no fue devuelta no se debía admitir como evidencia en el caso.
El 6 de noviembre de 2006 y notificada el 12 de diciembre de 2006, la Comisión acogió el Informe del Oficial Examinador, emitido el 23 de octubre de 2006, en el cual se recomendó determinar que el recurso apelativo fue presentado dentro del plazo jurisdiccional.
Inconforme con la determinación de la Comisión, el 27 de diciembre de 2006, la CFSE presentó moción de reconsideración en la cual alegó que la decisión fue notificada el 4 de marzo de 2002 a la dirección de la recurrida y ésta presentó la apelación once meses después, fuera del término jurisdiccional de 30 días establecido por la Ley del Sistema de Compensaciones por Accidentes del Trabajo. Además, planteó que las alegaciones de la recurrida no rebaten la presunción de corrección de las actuaciones del Estado. El 11 de enero de 2007, la Comisión acogió la solicitud de reconsideración. Posteriormente, mediante resolución de 24 de abril de 2007 y notificada el subsiguiente día 26, la Comisión dejó sin efecto la resolución de 6 de noviembre de *1128 2006 y ordenó que se celebrara una nueva vista pública para dilucidar la controversia.
El 4 de diciembre de 2008 se celebró la vista pública en la cual declaró la Sra. López Soto, quien explicó la manera en que se efectúan las notificaciones en la Secretaría Regional de la CFSE. No obstante, ésta no pudo precisar quién fue la persona que ensobró, echó y selló la decisión .de la recurrida en el correo. Tras haber aquilatado la prueba en el expediente, el Oficial Examinador concluyó que la apelación de la recurrida fue presentada dentro del término jurisdiccional para ello. Mediante resolución emitida el 12 de febrero de 2009 y notificada el 14 de mayo de 2009, la Comisión acogió y adoptó la recomendación del Oficial Examinador y ordenó que se le diera curso al proceso apelativo.
Inconforme con esta determinación, el 3 de junio de 2009, la CFSE presentó moción de reconsideración, la cual fue acogida el 18 de junio de 2009. Transcurrido el término de noventa días para adjudicar la reconsideración, la Comisión no tomó acción alguna. El 30 de septiembre de 2009, la CFSE presentó la revisión administrativa de epígrafe y formula los siguientes errores:
“Primer señalamiento de error
Erró la Honorable Comisión Industrial al emitir una Resolución Administrativa sin determinaciones de hechos y conclusiones de derecho en contravención, tanto con las disposiciones de la sección 3.14 de la Ley Núm. 170, supra, y el Artículo 10 de la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistemas de Compensaciones por Accidentes del Trabajo.
Segundo señalamiento de error
Erró la Honorable Comisión Industrial al determinar que el recurso apelativo instado por la parte apelante el 7 de febrero de 2003, sobre decisión de Relación Causal Compensabilidad condición orgánica relacionada de fecha de 4 de marzo de 2002, fue presentado dentro del término apelativo dispuesto en la Ley Núm. 45 de 18 de abril de 1935, según enmendada, conocida como Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 1 et seq.”
Por su parte, el 16 de noviembre de 2009, la recurrida presentó Escrito en Cumplimiento de Orden Presentando Alegato de la Lesionada Recurrida.
Con el beneficio de la comparecencia de las partes, resolvemos.
n
A
Como cuestión de umbral, reafirmamos el principio de que a toda determinación administrativa le cobija una presunción de regularidad y corrección. Tal y como lo ha interpretado el Tribunal Supremo de Puerto Rico en numerosas ocasiones, la revisión judicial de este tipo de decisiones se circunscribe a determinar si la actuación de la agencia es arbitraria, ilegal, o tan irrazonable que la misma constituye un abuso de discreción. Otero v. Toyota, 163 D.P.R. 716 (2005); Pacheco v. Estancias de Yauco , 160 D.P.R. 409 (2003); E.L.A. et als. v. Malavé, 157 D.P.R. 586 (2002); Mun. de San Juan v. J.C.A., 149 D.P.R. 263 (1999); Franco v. Depto de Educación, 148 D.P.R. 703 (1999).
La presunción de corrección que acarrea una decisión administrativa, deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. E.L.A. v. P.M.C., 163 D.P.R. 478 (2004); A.R.P.E. v. Junta de Apelaciones Sobre Construcciones y Lotificaciones, 124 D.P.R. 858 (1989); Henríquez v. Consejo de Educación Superior, 120 D. *1129 P.R. 194 (1989); Murphy Bernabe v. Tribunal Superior, 103 D.P.R. 692 (1975). Ello debido a que los tribunales deben dar deferencia a las determinaciones de las agencias sobre asuntos que se encuentren dentro del área de especialidad de éstas. Rivera Concepción v. A.R.P.E., 152 D.P.R. 116 (2000); Fac. C. Soc. Aplicadas, Inc. v. C.E.S., 133 D.P.R. 521 (1993); Asoc. Drs. Med. Cui. Salud Visual, Inc. v. Morales, 132 D.P.R. 567 (1993).
Al evaluar a una petición para revisar judicialmente una determinación administrativa, el tribunal analizará si de acuerdo con el expediente administrativo: (1) el remedio concedido fue razonable; (2) las determinaciones de hechos están razonablemente sostenidas por la prueba; y (3) las conclusiones de derecho del organismo administrativo son correctas. P.R.T.Co. v. J. Reg. Tel. de P.R., 151 D.P.R. 269 (2000); Mun. de San Juan v. J.C. A., 149 D.P.R. 263 (1999); Misión Ind. P.R. v. J.P. y A.A.A., 142 D.P.R. 656 (1997). Véase, Demetrio Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 2da. Ed., Bogotá, Forum, 2001, pp. 533-536.
En lo atinente a la revisión de las determinaciones de hechos de la agencia, la facultad revisora del foro judicial está limitada por la sección 4.5 de la L.P.A.U., 3 L.P.R.A. see. 2175. Dicha sección, establece que “[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.” Véase, Rebollo v. Yiyi Motors, 161 D.P.R. 69 (2004); Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 D.P.R. 70 (2000); Domínguez v. Caguas Expressway Motors, Inc., 148 D.P.R. 387 (1999). El expediente administrativo constituirá la base exclusiva para la decisión de la agencia y para la revisión judicial de ésta. Comisionado v. Prime Life, 162 D.P.R. 334 (2004); Torres v. Junta Ingenieros, 161 D.P.R. 696 (2004).
El concepto de evidencia sustancial ha sido definido por la jurisprudencia como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. Ramírez Rivera v. Depto. de Salud, 147 D.P.R. 901 (1999); Misión Ind. P.R. v. J. P., 146 D.P.R. 64 (1998); Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670 (1953). Ello no requiere que a la luz de la prueba que obre en autos la decisión de la agencia refleje la única conclusión lógica a la que podría llegar un juzgador. Pero tampoco se considerará como correcta una determinación sostenida por un mero destello de evidencia. Id. El criterio rector en estos casos, será la razonabilidad de la determinación de la agencia luego de considerarse el expediente administrativo en su totalidad. Id.; Otero v. Toyota, supra; Fuertes v. A.R.P.E., 134 D.P.R. 947 (1993). Por ende, la parte que impugna judicialmente las determinaciones de hechos de una agencia administrativa, tiene el peso de la prueba para demostrar que éstas no están basadas en el expediente o que las conclusiones a las que se llegó son irrazonables. Ramírez Rivera v. Depto. de Salud, supra; Misión Ind. P.R. v. J.P., supra.
Conforme a lo dispuesto por ley, existe una práctica judicial claramente establecida de conceder gran consideración y deferencia a las decisiones de los foros administrativos. Otero v. Toyota, supra; Rebollo v. Yiyi Motors, supra; Misión Ind. P.R. v. J.C.A., 145 D.P.R. 908 (1998). Dicha deferencia, emana del reconocimiento de que, de ordinario, las agencias administrativas están en mejor posición para hacer determinaciones de hechos al tratar con una materia sobre la cual tienen un conocimiento especializado. Id; Véase, Metropolitana S.E. v. A.R.P.E., 138 D.P.R. 200 (1995); Gallardo v. Clavell, 131 D.P.R. 275 (1992). Más aún, cuando una determinación de una agencia esté sustentada por evidencia sustancial que obre en el expediente del caso, los tribunales deben abstenerse de sustituir el criterio de la agencia por el judicial. Otero v. Toyota, supra; Reyes Salcedo v. Policía de P.R., 143 D.P.R. 85 (1997).
No obstante, el que los tribunales den un alto grado de deferencia a los dictámenes de las agencias no significa una abdicación de la función revisora del foro judicial. Rivera Concepción v. A.R.P.E., supra; Del Rey v. J.A.C.L., 107 D.P.R. 348 (1978). Por el contrario, los tribunales tienen el deber de proteger a los ciudadanos contra posibles actuaciones ultra vires, inconstitucionales o arbitrarias de las agencias. Las determinaciones de los foros administrativos no gozan de deferencia cuando éstos actúan de manera arbitraria, ilegal, irrazonable o ante la ausencia de prueba adecuada o cuando la agencia cometió error manifiesto en la apreciación de la *1130 misma. Comisionado v. Prime Life., supra; Torres v. Junta Ingenieros, supra; O.E.G. v. Rodríguez, 159 D.P.R. 98 (2003).
Por otro lado, el Tribunal Supremo ha expresado que “los tribunales tenemos el deber de fiscalizar rigurosamente las decisiones de dichas agencias, para asegurar que desempeñen cabalmente sus importantísimas funciones, y para que el País no pierda la fe en sus instituciones de gobierno.” Mun. de San Juan v. J.C.A., 152 D.P.R. 673, 700 (2000).
Así, la revisión judicial de decisiones administrativas tiene como fin primordial delimitar la discreción de los organismos administrativos para asegurar que éstos ejerzan sus funciones conforme la ley y de forma razonable. Mun. de San Juan v. J.C.A., 149 D.P.R. 263, 279 (1999).
Ahora bien, según lo dispone la mencionada Sección 4.5 de la L.P.A.U., “[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.” El razonamiento detrás de esta disposición, es que los tribunales gozan de peritaje en cuanto a las cuestiones legales por lo cual no se adelanta ningún fin público dándole deferencia a la agencia en cuanto a este aspecto. San Antonio Maritime v. P.R. Cement Co., 153 D.P.R. 374 (2001); Miranda v. C.E.E., 141 D.P.R. 775 (1996).
Sin embargo, lo anterior no quiere decir que los tribunales deben descartar livianamente las conclusiones de derecho hechas por las agencias administrativas. La jurisprudencia interpretativa del Tribunal Supremo tiende a señalar que los tribunales deben dar gran peso y deferencia a las aplicaciones e interpretaciones que hagan las agencias con respecto a las leyes y reglamentos que éstas administran. Ello, debido a que por tratarse de áreas del derecho que manejan a diario, las agencias desarrollan un conocimiento especializado al respecto que no debe ser menospreciado. Asoc. Vec. H. San Jorge v. U. Med. Corp., supra; Rivera Rentas v. A & C Development, 144 D.P.R. 450 (1997).
El criterio de revisión en cuanto a las interpretaciones legales hechas sobre los estatutos que maneja la agencia debe ser también uno de razonabilidad. Aun así, la deferencia que merecen estas interpretaciones legales, cede ante una actuación irrazonable o ilegal que justifique que el tribunal ejerza su función revisora en protección de la ciudadanía. Pacheco v. Estancias de Yauco, supra. Véase, Adorno Quiles v. Hernández, 126 D.P.R. 191 (1990).
No obstante, en cuanto a las conclusiones de derecho que no envuelven interpretaciones de las leyes y reglamentos que administra la agencia cuya decisión es impugnada ni dentro del área de especialidad de ésta, las mismas son revisables por los tribunales sin limitaciones. Misión Ind. P.R. v. J.P., supra; Rivera Rentas v. A & C Development, supra.
Por otro lado, es norma establecida que para que los tribunales puedan revisar una decisión administrativa éstas deben reflejar que el organismo ha considerado y resuelto los conflictos de pruebas, y sus determinaciones deben describir tanto los hechos probados como los que fueron rechazados. Evidentemente no pueden ser pro forma y deben reflejar que la agencia ha cumplido con su obligación de evaluar y resolver los conflictos de prueba del caso ante su consideración. Assoc. Ins. Agencies, Inc. v. Com. Seg. de P.R., 144 D.P.R. 425, 438 (1997).
ni
Como primer error, la CFSE plantea que ni la resolución recurrida ni el Informe sometido por el Oficial Examinador de la Comisión contienen determinaciones de hechos ni conclusiones de derecho, en tanto, ésta carece de validez y debe ser revocada.
Por su parte, la recurrida alega que la Comisión emitió una resolución válida porque en la misma se informa *1131 acerca del conocimiento y comprensión de la evidencia ofrecida por las partes durante la vista pública. Además, señala que la Comisión tuvo la oportunidad de aquilatar la prueba en dos ocasiones y en ambas llegó a la misma conclusión.
Para que los tribunales puedan ejercer su función revisora, las agencias administrativas tienen que expresar de forma clara las determinaciones de hechos y los fundamentos para su decisión, incluidos los hechos básicos de los cuales, a través de un proceso de razonamiento e inferencia, se derivan aquéllos. Tales dictámenes deben demostrar que la agencia consideró y dirimió los conflictos de prueba, e incluir tanto los hechos acogidos como los descartados.
Analicemos la resolución impugnada. Dicha resolución aunque no incluye determinaciones de hechos ni conclusiones de derecho adopta el Informe del Oficial Examinador que presidió la vista pública. Este Informe provee el trámite procesal del caso ante la Comisión y ofrece un resumen de la prueba testifical que tuvo ante su consideración. En esta etapa, las controversias de derecho se reducen a determinar si la presunción de la Regla 16 (24) de las Reglas de Evidencia de 1979 fue rebatida por la recurrida y si su recurso fue presentado dentro del término jurisdiccional para ello.
Somos del criterio de que la resolución recurrida es lo suficientemente detallada para ejercer nuestra función revisora porque la Comisión señala qué evidencia tomó en consideración al momento de hacer su determinación. En vista de ello, el primer error planteado no fue cometido.
En su segundo señalamiento de error, la CFSE alega que la Comisión erró al determinar que el recurso de apelación de la recurrida fue presentado dentro del término apelativo dispuesto por la Ley del Sistema de Compensaciones por Accidentes del Trabajo. Alega que esta decisión es ultra vires y contraria a la prueba presentada durante las vistas públicas celebradas el 20 de octubre de 2006 y el 4 de diciembre de 2008 porque la recurrida presentó su apelación casi un año después de que la determinación de la CFSE fue notificada y archivada en autos. Sostiene que la recurrida no presentó evidencia que rebatiera la presunción de que la notificación de la decisión del Administrador fue enviada. [1] En alternativa, la CFSE plantea que si este Tribunal entiende que la notificación de 4 de marzo de 2002 no fue adecuada se determine que la presentación del recurso de apelación está sujeto a la doctrina de incuria.
La Sra. Ortiz González alega que durante las vistas públicas se rebatió la presunción de que la notificación fue enviada. Para fundamentar su alegación, la recurrida señala su propio testimonio en cuanto a que no recibió la notificación, que continuó yendo a las citas médicas en la CFSE y luego de varios meses, cuando acudió a una cita le informaron que su caso había sido cerrado.. Además, sostiene su posición en que el testimonio de la Sra. López Soto no pudo establecer con certeza que el documento fuera notificado a la recurrida porque no existe en la CFSE una cadena de trámite de la correspondencia que contenga una bitácora que consigne el control de los documentos notificados por la Secretaria. Le asiste la razón.
Una presunción es “una deducción de un hecho que la ley autoriza a hacer o requiere que se haga de otro hecho o grupo de hechos previamente establecidos en la acción”. Reglas de Evidencia de 1979, 32 L.P.R.A. Ap. IV, R. 13.
En lo atinente al efecto de las presunciones, la Regía 14 dispone que en casos de naturaleza civil se impone a la parte contra la cual se establece la presunción el peso de la prueba para demostrar la inexistencia del hecho presumido. Si la parte contra la cual se establece la presunción no ofrece evidencia para demostrar la no existencia del hecho presumido, el juzgador debe aceptar la existencia de tal hecho. Si se presenta evidencia en apoyo de la determinación de la no existencia de tal hecho, la parte que interesa rebatir la presunción debe persuadir al juzgador de que es más probable la no existencia que la existencia del hecho presumido. Hawayek v. A.F.F., 123 D.P.R. 526, 531 (1989).
*1132 Entre las presunciones controvertibles se reconoce que “una carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad”, Regla 16 (24) de las Reglas de Evidencia de 1979. Una vez establecido el hecho básico de que la carta se envió, corresponde a la parte demandada presentar prueba para persuadir al juzgador de la inexistencia del hecho presumido, es decir que la carta llegó a su destino. Hawayek v. A.F.F., supra.
Una alegación de que no se ha recibido una carta, por sí sola, no debe ser suficiente para rebatir la presunción establecida en nuestras reglas de evidencia. Los tribunales deben considerar todas las circunstancias del caso. Si luego de ponderadas y analizadas todas éstas, no queda satisfecho el más elemental escrutinio de lo que constituye el debido proceso, la presunción debe ceder ante la probabilidad de la no existencia del hecho presumido.
Somos de la opinión de que la recurrida rebatió la presunción establecida por la Regla 16 (24) de las Reglas de Evidencia de 1979 porque de la prueba desfilada se desprende que no existe certeza de que la notificación haya sido colocada en el sobre ni tampoco de que el mensajero de la CFSE haya enviado la misma por correo. Además, la recurrente no presentó prueba a esos efectos.
No obstante, lo anteriormente expuesto no resuelve la controversia en cuanto a la jurisdicción de la Comisión para atender el recurso de apelación de la recurrida. Una vez rebatida la presunción de que la notificación fue recibida por la recurrida, no eran de aplicación los términos dispuestos por la Ley del Sistema de Compensaciones por Accidentes del Trabajo. Así, la apelación quedó sujeta a la doctrina de incuria.
La doctrina de incuria ha sido definida como “dejadez o negligencia en el reclamo de un derecho, los cuales en conjunto con el transcurso del tiempo y en otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad”. IM Winner, Inc. v. Mun. de Guayanilla, 151 D.P.R. 30 (2000); Colón Torres v. A.A.A., 143 D.P.R. 119 (1997). Al tenor de esta doctrina, no basta el mero transcurso del tiempo para impedir el ejercicio de la causa de acción, sino que deben evaluarse otras circunstancias antes de decretar la desestimación del recurso, tales como la justificación, si alguna, de la demora incurrida, el perjuicio que ésta acarrea y el efecto sobre intereses privados o públicos involucrados. Pero ninguno de estos criterios es, por sí sólo, determinante. Pérez, Pellot v. J.A.S.A.P., 139 D.P.R. 588 (1995).
Un apelante no puede cruzarse de brazos. La realidad es que la apelación podría interponerse con tanta demora que justifique la aplicación del principio de incuria. Esto ocurre cuando el empleado conoce la acción tomada contra él, de suerte que, si se siente agraviado, es natural que inquiera sobre sus derechos. La existencia de incuria depende de los hechos de cada caso. El incumplimiento del requisito de una notificación adecuada puede tomarse impertinente si el empleado de alguna forma tuvo conocimiento de su derecho a apelar con tiempo suficiente para ejercitarlo. García v. Adm. del Derecho al Trabajo, 108 D.P.R. 53,59 (1978).
Existen varios criterios que hay que tomar en consideración para determinar la aplicabilidad de la doctrina de incuria: (1) el tiempo transcurrido desde la notificación hasta la presentación de la apelación ante la Comisión; (2) la justificación para la demora incurrida; (3) el perjuicio que dicha demora acarrea; y (4) el efecto sobre intereses privados o públicos involucrados. La Comisión erró al no evaluar la apelación de la recurrida a la luz de los criterios que han sido establecidos por el Tribunal Supremo para determinar si aplica la doctrina de incuria.
IV
Por los fundamentos expuestos, se revoca la resolución emitida el 12 de febrero de 2009 y notificada el 14 de mayo de 2009 por la Comisión Industrial y se devuelve a este foro para que celebre una vista y determine si en este caso la recurrida incurrió en incuria, o si por el contrario fue diligente en la presentación de su apelación. *1133 Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones
ESCOLIO 2010 DTA 57

. La CFSE alega que en este caso debemos aplicar lo decidido en el caso Rivera González v. P.R. Retail Store, res. de 15 de diciembre de 2007, Caso núm. KLCE 200701778, certiorari denegado, 2008 JTS 118, res. con opinión disidente de 28 de mayo de 2008. En Rivera González, supra, el abogado de la parte demandada alegó que no recibió la notificación de la resolución del TPI en la que resolvió las mociones de reconsideración y determinaciones de hechos adicionales que éste había presentado y que se enteró que las mismas habían sido adjudicadas en su contra cuando la parte demandante le envió una carta en la cual solicitaba el cumplimiento de la sentencia. De inmediato, el abogado presentó una moción ante el TPI en la que solicitó que se notificara la sentencia nuevamente. El TPI denegó la solicitud al concluir que existía una presunción de que la notificación había sido enviada porque ésta no había sido devuelta por el servicio postal a la Secretaria del Tribunal. Posteriormente, la demandada presentó una moción de relevo de sentencia acompañada con una declaración jurada en la que consignó los hechos antes narrados. El TPI denegó también el relevo de sentencia. Inconforme, la demandante acudió en certiorari ante este Tribunal. Un panel hermano decidió no expedir el recurso y concluyó que la declaración jurada del abogado no era prueba suficiente para rebatir la presunción de la Regla 16 (24) de las Reglas de Evidencia del 1979. Aún inconforme, el demandante acudió al Tribunal Supremo. Este foro no expidió el recurso solicitado; no obstante, el Juez Rebollo López suscribió una opinión disidente en la que explicó las razones por las cuales hubiera expedido el recurso y revocado la denegatoria de relevo de sentencia. En cuanto a la prueba suficiente para rebatir la presunción expresó: “No podemos pasar por alto, u obviar, las muchas circunstancias que pueden ocurrir, respecto al envío de correspondencia, que impiden que la misma llegue a su destino; sobre todo cuando consideramos que el factor humano está presente. Meramente a manera de ejemplo, podemos señalar: la falta de envío por personal del propio tribunal; el extravío por el propio sistema de correo; el depósito de la correspondencia en un apartado, oficina o residencia equivocado, etc. Es por ello que, respecto a la presunción establecida por la Regla 16(24) de Evidencia, somos del criterio que la declaración jurada del abogado de la peticionaria, a los efectos de que nunca recibió dicha notificación, es suficiente para rebatir la presunción establecida por dicha disposición reglamentaria.” Resulta evidente que las circunstancias en el caso de epígrafe son distintas a las del caso relatado anteriormente, porque la Comisión celebró una vista en la que las partes tuvieron la oportunidad de desfilar prueba al respecto.