Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| HYATT REGENCY COCO BEACH HOTEL & RESORT COCO HOTEL 1, LLC., JONATHAN B. SMITH<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>Recurrida | KLRA202500048 | Revisión administrativa procedente del Departamento de Recursos Naturales y Ambientales<br><br>Caso Núm.: 24-269-ZMT<br><br>Sobre: Denegatoria a la solicitud de Concesión O-BD-CZM01-SJ-00806-02072019 (JPA# 1692) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2025.

La parte recurrente, Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith, instó el presente recurso de *certiorari* el 21 de enero de 2025. En éste, impugna la *Enmienda a Denegatoria* con relación a la solicitud número O-BD-CZM01-SJ-00806-02072019 (JPA#1692), emitida por el Departamento de Recursos Naturales y Ambientales (por sus siglas, DRNA) el 4 de noviembre de 2024. Mediante la referida enmienda, se incluyó como peticionaria en la *Denegatoria Original* a la parte recurrente. Ésta alega que la notificación de la denegatoria fue una defectuosa.

Examinada la petición de revisión de la parte recurrente y su apéndice, se desestima el recurso por falta de jurisdicción.

**I.**

Conforme surge del expediente apelativo, el 9 de agosto de 2024, el DRNA emitió una *Denegatoria* a la Solicitud de Concesión

O-BD-CZM01-SJ-00805-02072019 (JPA#1692), al amparo de la Ley Núm. 23 de 20 de junio de 1972, conocida como la *Ley Orgánica del DRNA* y el Reglamento Núm. 4860 de 29 de diciembre de 1992, *Reglamento para el Aprovechamiento, Vigilancia, Conservación y Administración de las Aguas Territoriales, los Terrenos Sumergidos bajo éstas y la Zona Marítimo Terrestre.*

El DRNA cursó la notificación de la *Denegatoria* por correo certificado a Quantum Consulting Group / Daniel J. Galán Kerkadó, como peticionario de la solicitud, a la dirección PO Box 5845, Caguas PR 00726.

No obstante, el 9 de septiembre de 2024, Daniel J. Galán Kerkadó, presidente de Quantum Consulting Group, dirigió una comunicación a la entonces Secretaria del DRNA, Hon. Anaís Rodríguez Vega. Indicó que hubo un error en la notificación de la denegatoria, al ser cursada a la dirección de Quantum Consulting Group y su presidente -quien presentó la solicitud como gestor o consultor de Hyatt Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith- y no a estos peticionarios propiamente, a su dirección de récord. A tales efectos, solicitó la rectificación de la notificación.

Ante ello, el 4 de noviembre de 2024, notificada el 18 de noviembre de 2024, el DRNA emitió una *Enmienda a Denegatoria* de la mencionada solicitud. Mediante ésta, la agencia añadió como peticionarios a Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith, y su dirección 200 Coco Beach Blvd, Rio Grande PR 00623. En la *Enmienda a Denegatoria,* el DRNA especificó que la demás información, Determinaciones de Hechos y Conclusiones de Derecho de la *Denegatoria Original* continuaban vigentes e inalteradas. También, la agencia explicó que el error se produjo por razón de que Quantum Consulting Group había comparecido al proceso como peticionario, y no como gestor o

consultor de Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC.

Así las cosas, el 6 de diciembre de 2024, Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith, presentaron ante el DRNA una *Impugnación de determinación administrativa*. Adujeron que, a pesar de haber sido añadidos como parte peticionaria mediante la enmienda, esta última tampoco les fue debidamente notificada. Ello pues, porque la notificación del Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC. y Quantum Consulting Group, se cursó a ambas partes en un mismo sobre postal certificado dirigido exclusivamente a la dirección de Quantum Consulting Group (PO Box 5845, Caguas PR 00726), cuando la dirección del Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., es una distinta y constaba en el expediente administrativo (200 Coco Beach Blvd, Rio Grande PR 00623). Adujeron, además, que la *Denegatoria Original* no fue incluida con la *Enmienda a la Denegatoria*; por lo cual, continuaban sin haber sido notificados de la decisión de la agencia. Por último, mencionaron que la *Enmienda a la Denegatoria* tampoco le apercibió sobre su derecho a solicitar reconsideración o revisión judicial de la determinación.

El DRNA no se expresó en cuanto a la impugnación de determinación administrativa. Por ello, el 21 de enero de 2025, Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith, presentaron el recurso que nos ocupa. Éstos apuntaron los siguientes señalamientos de error:

> Erró el DRNA al no incluir al Hyatt como parte peticionaria en la notificación de la denegatoria original y dejar de notificarle oportunamente su determinación final.

> Erró el DRNA al no notificar al Hyatt a su dirección de récord la *Enmienda a Denegatoria*.

> Erró el DRNA al no anejar a la *Enmienda a Denegatoria* la *Denegatoria Original.*
>
> Erró el DRNA al no notificar a la peticionaria-recurrente sobre los términos para solicitar una reconsideración o para solicitar una revisión judicial ante esta Honorable Curia.
>
> Erró el DRNA al no cumplir con la doctrina de los esfuerzos adicionales razonables para una adecuada notificación a la parte afectada por una determinación gubernamental adversa.
>
> Erró el DRNA al considerar a Quantum Consulting Group y a su presidente como peticionarios.

Procedemos a examinar el derecho aplicable al asunto planteado.

**II.**

**A.**

En nuestro ordenamiento constitucional, ninguna persona puede ser privada de su propiedad sin el debido proceso de ley. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; Emdas. V y XIV, Const EE.UU., LPRA, Tomo 1.

El debido proceso de ley tiene dos vertientes; una sustantiva y una procesal. *Román Ortiz v. OGPE,* 203 DPR 947, 953 (2020). En la dimensión procesal, el debido proceso de ley exige a los componentes del Estado garantizar que, al interferir con los intereses propietarios de una persona, se cumpla con un procedimiento justo y equitativo. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 394.

Así pues, en el contexto de los procedimientos adjudicativos, se deben observar las garantías mínimas siguientes: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y a examinar la evidencia presentada en su contra; (5) asistencia de abogado y (6) decisión basada en el récord. *Román Ortiz v. OGPE,* supra, pág. 954.

Estas garantías están consignadas en la Sección 3.1 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto

Rico (LPAU), Ley Núm. 38-2014, 3 LPRA sec. 9641. La citada sección establece que en todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos: (a) derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte; (b) derecho a presentar evidencia; (c) derecho a una adjudicación imparcial; (d) derecho a que la decisión sea basada en el expediente.

Cualquier determinación de una agencia que se haga en contravención a estas pautas mínimas, no puede prevalecer. *San Gerónimo Caribe Project v. A.R.Pe.,* 174 DPR 640, 660 (2008); *Com. de Seguros v. A.E.E.L.A.*, 171 DPR 514, 528 (2007).

En lo atinente al caso que nos ocupa, la Sección 5.4 de la LPAU expresa que "[t]oda persona a la que una agencia deniegue la concesión de una licencia, franquicia, permiso, endoso, autorización o gestión similar tendrá derecho a impugnar la determinación de la agencia por medio de un procedimiento adjudicativo". 3 LPRA sec. 9684.[1]

El Tribunal Supremo ha enfatizado que el debido proceso de ley exige a las agencias administrativas notificar adecuadamente los dictámenes emitidos en los procedimientos adjudicativos. En el contexto de una notificación devuelta, en un *Román Ortiz v. OGPe,* supra, resolvió que, cuando una agencia administrativa tiene información que le permita conocer que sus intentos de notificar a la parte interesada han resultado inútiles, debe realizar esfuerzos adicionales razonables, tal y como se esperaría de una agencia realmente deseosa de informar a las partes afectadas por una decisión adversa. estas diligencias no exigen lo absurdo e imposible, de las agencias; tan solo requieren que se haga lo razonable a la luz

---

[1] Al igual que lo establece la LPAU, el Reglamento Núm. 4860 provee en su Sección 11.1 para que "[t]oda persona a la que el Departamento deniegue una autorización o concesión ten[g]a derecho a impugnar dicha determinación por medio del inicio de un procedimiento adjudicativo…".

de la totalidad de las circunstancias en cada caso. *Íd.,* pág. 960. De tal forma, la Sec. 3.14 de la LPAU, 3 LPRA sec. 9654, dispone que la agencia debe notificar a las partes, y a sus abogados, de tenerlos, la orden o resolución a la brevedad posible. La Sección 1.3 (k) de la LPAU indica que *parte* "[s]ignifica toda aquella persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento". 3 LPRA sec. 9603 (k). A tenor con esta última modalidad, es posible que, aparte de un abogado, una persona[2] designe a un tercero como su agente o representante en el pleito. *Román Ortiz v. OGPE,* supra, pág. 955. Sin embargo, la LPAU no establece el procedimiento para tramitar este tipo de designación. Por consiguiente, la fijación de los criterios está sujeta al poder de reglamentación de las agencias. *Íd.*

**B.**

La Sección 7.1 del Reglamento Núm. 4860 de 29 de diciembre de 1992, *Reglamento para el Aprovechamiento, Vigilancia, Conservación y Administración de las Aguas Territoriales, los Terrenos Sumergidos bajo éstas y la Zona Marítimo Terrestre,* señala que toda persona que pretenda continuar un aprovechamiento existente en bienes del dominio público marítimo terrestre, o de cualquier construcción que se halle enclavada en dichos bienes, deberá solicitar una concesión del Secretario del DRNA. A su vez, la Sección 5.2 del Reglamento requiere que toda solicitud de autorización o concesión incluya, como mínimo, el nombre y la dirección postal y residencial del peticionario.

---

[2] La LPAU define *persona* como "[t]oda persona natural o jurídica de carácter público o privado que no sea una agencia". 3 LPRA sec. 9603 (j).

Según las definiciones provistas en el Artículo 2 del citado Reglamento, un *peticionario* es "toda persona u organismo público que solicita una autorización o concesión o la renovación de la misma al Departamento". Sección. 2.71. Por su parte una *persona* se define como "cualquier organismo público o persona natural o jurídica, incluyendo sus agentes, empleados, mandatarios o representantes". Sección 2.69.   Este Reglamento no define el término gestor y/o consultor.

## C.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* supra. Ello en vista de que el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016).

Así, si un recurso de revisión o apelación se presenta mientras el foro apelado tiene ante su consideración una determinación que se encuentra pendiente y no ha sido resuelta, el foro apelativo debe desestimar el recurso por este ser prematuro. En cambio, un recurso que se presenta luego del término que provee la ley para recurrir debe desestimarse por ser un recurso tardío. La presentación prematura o tardía del recurso priva de jurisdicción al tribunal al

cual se recurre. *Pueblo v. Rivera Ortiz,* supra, págs. 414-415. De manera que, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso. *Rivera Marcucci v. Suiza Dairy Inc.,* supra.

Por esa razón, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 83 (C), nos autoriza a desestimar un recurso a iniciativa propia, cuando carecemos de jurisdicción para atenderlo.

**D.**

El derecho a cuestionar una determinación emitida por una agencia administrativa es parte del debido proceso de ley. *ACT v. Prosol, et als.,* 210 DPR 897, 908 (2022).

La Ley Núm. 103-2003, conocida como Ley de la Judicatura de 2003 (Ley de la Judicatura), según enmendada; 4 LPRA secs. 24(t) *et seq.,* la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9672; y la Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 57, establecen la jurisdicción y competencia de este Tribunal para atender un recurso de revisión administrativa.

Así, al amparo del Artículo 4.006(c) de la Ley de la Judicatura, 4 LPRA sec. 24y(c), este tribunal apelativo conocerá mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de toda decisión, orden y resolución final de las agencias administrativas.

Por su parte, la Sección 4.2 de la LPAU, *supra,* dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha

aplicable de las dispuestas en la Sección 3.15 de dicha ley (3 LPRA sec. 9655), cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Igualmente, la Regla 57 de nuestro Reglamento, *supra,* dispone que el escrito de revisión deberá ser presentado dentro del término jurisdiccional de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia.

**III.**

Surge del expediente ante nuestra consideración que el DRNA emitió una denegatoria a la Solicitud de Concesión O-BD-CZM01-SJ-00805-02072019 (JPA#1692), que fue notificada únicamente a Quantum Consulting Group, como parte peticionaria, a la dirección PO Box 5845, Caguas PR 00726.

Luego, mediante la *Enmienda a Denegatoria,* el DRNA añadió como parte peticionaria del proceso al Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith, con dirección en el 200 Coco Beach Blvd, Rio Grande PR 00623.

No obstante, a pesar de haberse incluido como parte peticionaria al Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith, la notificación de dicha *Enmienda a Denegatoria* fue una sola y se dirigió únicamente Quantum Consulting Group, a la dirección de esta última.[3] El DRNA no cursó una notificación al Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith, a su dirección de récord. Además, el DRNA tampoco le notificó la denegatoria original al Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith, puesto que, para cuando ésta fue emitida, éstos no habían

---

[3] Véase, sobre postal en la página 26 del apéndice del recurso.

sido incluidos como peticionarios del proceso. Todo lo anterior, convirtió la notificación en una defectuosa, pues la parte interesada en el proceso - Hyatt Regency Coco Beach Hotel & Resort, Coco Hotel 1, LLC., y Jonathan B. Smith- no fue notificada de la determinación de la agencia.

Ante estas circunstancias, concluimos que el término para acudir en revisión judicial de la denegatoria a la Solicitud de Concesión O-BD-CZM01-SJ-00805-02072019 (JPA#1692) aún no ha comenzado a decursar. Así pues, hasta tanto el DRNA notifique la denegatoria original y la enmienda a dicha denegatoria a la dirección correcta de las personas identificadas como peticionarios del proceso, carecemos de jurisdicción para atender el asunto, por este haberse presentado de manera prematura. Reitera el Tribunal Supremo de Puerto Rico en *PR Eco Park v. Municipio de Yauco*, 202 DPR 525 (2019), que "la notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado. Lo anterior tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sería prematuro". *Íd.*, 538.

En nuestro caso, no se presentó un recurso que discuta los méritos de la denegatoria del permiso a Hyatt Regency Coco Beach Hotel & Resort. Solamente se cuestionó la suficiencia de la notificación de la decisión del DRNA. Por tanto, en estos momentos, resulta inoportuno evaluar la doctrina de incuria o adjudicar en los méritos la controversia en ausencia de señalamientos de error y los correspondientes argumentos relacionados a la denegatoria del permiso. Por último, cabe señalar, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (nota 25) (2019), citando *a Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

A tenor con lo anteriormente expuesto, y a la luz del derecho aplicable, estamos privados de examinar los méritos del presente recurso, por lo que procede su desestimación.

**IV.**

En virtud de lo anterior, desestimamos el presente recurso por falta de jurisdicción, por prematuro.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos disiente mediante voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| HYATT REGENCY COCO BEACH HOTEL & RESORT COCO HOTEL 1, LLC., JONATHAN B. SMITH<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>Recurrida | KLRA202500048 | Revisión administrativa procedente del Departamento de Recursos Naturales y Ambientales<br><br>Caso Núm.: 24-269-ZMT<br><br>Sobre: Denegatoria a la solicitud de Concesión O-BD-CZM01-SJ-00806-02072019 (JPA# 1692) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

**VOTO DISIDENTE DEL JUEZ SÁNCHEZ RAMOS**

Este Tribunal tiene jurisdicción sobre el recurso de referencia y, por tanto, procedía resolver, ahora, los méritos del mismo. Aunque la notificación en este caso fue defectuosa, al ser enviada a una dirección equivocada, la parte afectada conoció de la determinación recurrida y presentó el recurso de referencia dentro de los términos aplicables.

No debe extenderse artificialmente la adjudicación de un caso, cual ofrenda o sacrificio a alguna imaginaria deidad de formalismos procesales, particularmente cuando dichos formalismos, como ocurre aquí, resultan inconsecuentes en el contexto particular del caso. Lo procedente era ofrecer a la parte recurrente la oportunidad de presentar un escrito suplementario en el cual pudiese abordar los méritos de la determinación recurrida y entonces adjudicar el recurso que nos ocupa.

Ante una notificación administrativa "defectuosa", este Tribunal debe adjudicar los méritos del recurso, a pesar de que, técnicamente, el recurso resulte prematuro. *PR Eco Park v. Mun. de*

*Yauco*, 202 DPR 525 (2019). En el citado caso, el Tribunal Supremo, lejos de devolver el caso "prematuro" a la agencia, para que allí se emitiera una nueva notificación corregida, y luego se volviera a presentar otro recurso de revisión judicial, expresamente devolvió el asunto a este Tribunal para la adjudicación en los méritos del recurso que se presentó de forma prematura. *PR Eco Park*, 202 DPR a la pág. 540.

En efecto, en *PR Eco Park*, se dispuso que "habiendo la parte presentado su recurso y ante la ausencia de incuria, el Tribunal de Apelaciones debe resolverlo en los méritos"; es decir, se concluyó que "corresponde que el foro apelativo intermedio atienda en los méritos la impugnación planteada." *Íd.*

Al así disponer, el Tribunal Supremo reafirmó una norma que desde hacía mucho tiempo se adoptó en nuestra jurisdicción, para atender las consecuencias de que una agencia no cumpla con los requisitos de notificación adecuada, pues, cuando ello ocurre, los términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen no comienzan a transcurrir. Véase, por ejemplo, *Maldonado v. Junta Planificación*, 171 DPR 46, 57–58 (2007).

De conformidad con la referida norma, presentado un recurso antes de que el término formal comience a transcurrir, de no haber mediado incuria, este Tribunal tiene jurisdicción sobre los méritos del mismo.

Así lo ha resuelto el Tribunal Supremo en al menos diez ocasiones. Primero, y según ya explicado, en *PR Eco Park, supra.*

Segundo, en *Maldonado*, 171 DPR a las págs. 57-60 (énfasis suplido), al concluirse que este Tribunal "tenía jurisdicción" sobre una revisión judicial a pesar de que el término no había comenzado a transcurrir por la notificación defectuosa de la decisión administrativa objeto de revisión.

Tercero, en *Colón Torres v. AAA*, 143 DPR 119, 124-126 (1997); allí se dispuso que "el tribunal apelativo tenía jurisdicción para entender en el recurso", bajo la doctrina de incuria, a pesar de que, por un defecto en la notificación de la decisión administrativa, el término para acudir en alzada no había comenzado a transcurrir. *Íd.* (énfasis suplido).

Cuarto, en *IM Winner, Inc. v. Junta de Subastas*, 151 DPR 30, 38-40 (2000). En dicho caso, a pesar de que el término para presentar recurso de revisión judicial no había comenzado a transcurrir, por razón de una "notificación defectuosa" de la decisión administrativa, se concluyó que este Tribunal tenía jurisdicción sobre el recurso, pues la parte actuó con diligencia. *Íd.*

Quinto, en *Bomberos Unidos v. Cuerpo Bomberos et al.*, 180 DPR 723, 770-772 (2011), donde se resolvió que, a pesar de mediar una notificación defectuosa de una decisión administrativa, "lo que procede es que la parte perjudicada ejerza su derecho a revisar la decisión administrativa ante el foro con jurisdicción para ello, sin sujeción a los términos dispuestos por ley, siempre y cuando no incurra en incuria".

Sexto, en *Molini Gronau v. Corp. Dif. Púb.*, 179 DPR 674, 688-89 (2010) (énfasis suplido), donde se concluyó que el tribunal debe "atender el recurso de revisión ya presentado, si no ha mediado incuria", a pesar de la ausencia de una notificación adecuada de la decisión administrativa, por lo cual dicho foro "debió entrar a considerar los méritos de la reclamación".

Séptimo, en *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 69-70 (2009) (énfasis suplido), donde el Tribunal Supremo resolvió que "no hay duda" de que el tribunal tenía "jurisdicción" para atender un recurso de revisión de una decisión administrativa, aplicando la doctrina de incuria, a pesar de que, por una

"notificación defectuosa", el "término para acudir en revisión judicial" no había comenzado a transcurrir.

Octavo, en *García v. Adm. del Derecho al Trabajo*, 108 DPR 53, 56-57 (1978), caso en el cual se reafirmó que una apelación administrativa no debió desestimarse, ello a pesar de que el término para apelar no había comenzado a transcurrir por la notificación defectuosa de la decisión apelada, pues debía determinarse si era oportuna la apelación bajo la doctrina de incuria.

Noveno, en *Pérez, Pellot v. J.A.S.A.P.*, 139 DPR 588 (1995), donde se reiteró que, ante la ausencia de incuria, una apelación administrativa debió adjudicarse en los méritos a pesar de que el término para apelar no había comenzado a transcurrir por no haberse notificado la decisión apelada.

Décimo, en *Rivera v. Depto. de Servicios Sociales*, 132 DPR 240 (1992), en el cual se estableció que una apelación administrativa debió adjudicarse en los méritos a pesar de que el término para apelar no había comenzado a transcurrir por la notificación defectuosa de la decisión apelada, ello pues la apelante no había incurrido en incuria.

Por tanto, ante la ausencia de una notificación adecuada, no procede la desestimación automática del recurso, sino que es necesario evaluar el reclamo conforme a la doctrina de incuria y a la luz de la totalidad de las circunstancias del caso. *PR Eco Park, supra; Maldonado*, 171 DPR a la pág. 58; *Colón Torres, supra; IM Winner, supra; Bomberos Unidos*, 180 DPR a la pág. 771; *Molini Gronau, supra,* 179 DPR a la pág. 687; *Suárez Cáceres, supra,* 176 DPR a la pág. 69; *García, supra.* Los casos deberán ser examinados a la luz de sus hechos y circunstancias particulares. *Maldonado, supra; Pérez, supra.*

En este caso, no hubo incuria alguna. De hecho, a pesar de haber sido enviada a una dirección incorrecta, la realidad es que la

parte recurrente presentó el recurso dentro del término contemplado por la ley.

Por tanto, de conformidad con la norma claramente establecida por el Tribunal Supremo de Puerto Rico, a través de múltiples opiniones emitidas durante varias décadas, tenemos jurisdicción sobre este recurso y era nuestra obligación resolverlo, ahora, en los méritos.

En San Juan, Puerto Rico, a 12 de febrero de 2025.


ROBERTO SÁNCHEZ RAMOS
Juez de Apelaciones